UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
UNITED STATES OF AMERICA,

                    Plaintiff,                          02-CV-3793 (DRH)
                                                                              MEMORANDUM AND ORDER
      -against-                         on Motion to Strike and for Default
                                                                                Judgment (doc. #7)

United States Currency in the Amount of
Nineteen Thousand, Seven Hundred Eighty
Dollars ($19,780.00), more or less, and
All Proceeds Traceable Thereto,

                    Defendant.
----------------------------------------------------X
A P P E A R A N C E S:

**For the Government:**
       Roslynn R. Mauskopf
       United States Attorney
       Eastern District of New York
       One Pierrepont Plaza, 14th Floor
       Brooklyn, New York  10801
             **By:** Orelia E. Merchant, Assistant U.S. Attorney

**For Defendant:**
       Collado, Collado & Fiore
       14 Washington Avenue
       Brentwood, NY  11717
             **By:** William J. Collado, Esq.


**HURLEY, Senior District Judge:**

       Presently before the Court is the Government's dual request for the striking of the Verified Answer of claimant Maria Cruz filed in this case and for default judgment. These requests stem from the Government's application for a final decree of forfeiture of the Defendant United States currency in the amount of nineteen thousand, seven hundred eighty dollars ($19,780.00), more or less, and all proceeds traceable thereto (the "Defendant $19,780"). For the reasons stated herein, both requests are GRANTED.

## I. Background

As the result of a 2001 criminal investigation conducted by the Suffolk County Police Department ("Police Department"), a state court search warrant was issued on or about December 15, 2001 authorizing detectives of the Police Department ("Detectives") to search 332 Crooked Hill Road (the "Premises") in Brentwood, New York. In executing the search warrant, the Detectives found the Premises occupied by Maria Cruz and Jessica Pineiro. "[L]aw enforcement officers [also] located and seized a small quantity of crack/cocaine in the bedroom dresser, $580.00 in U.S. currency inside Cruz's pocketbook, and $19,200.00 in U.S. currency inside a locked safe in Cruz's bedroom. Cruz supplied detectives with the key to open the safe." (Pl.'s Mem. Law. Supp. Mot. Strike at 2 (citing V. Compl. at ¶11).) Soon thereafter, "[o]n or about January 10, 2002, the Honorable Madeleine A. Fitzgibbon, District Court Judge, First District Court, State of New York, Suffolk County, issued an order authorizing the turn-over of the defendant funds to the federal government for purposes of instituting a forfeiture proceeding." (V. Compl. at ¶15.)

Subsequently, Ms. Cruz was indicted in the New York State Supreme Court, County of Suffolk, on various charges including possession of a controlled substance in the third degree. (*See id.* at ¶18.) Ultimately, she pled guilty to criminal possession of a controlled substance in the seventh degree and was sentenced to three years' probation. (*See* "Individual Arrest Report" for Maria M. Cruz, attached as Ex. J. to Decl. Asst. U.S. Atty Merchant.)

Thereafter, the U.S. Department of Justice, Department of Drug Enforcement Administration ("DEA") advised Ms. Cruz–as a potential claimant–that it intended to forfeit the Defendant $19,780. "Cruz filed an administrative claim with the DEA, and the DEA referred the

matter to the United States Attorney's Office for the Eastern District of New York for judicial forfeiture as is required by 18 U.S.C. § 983." (Pl.'s Mem. Law. Supp. Mot. Strike at 3.) No other party filed a claim.

The record in this case shows that the United States filed a Verified Complaint seeking forfeiture of the Defendant $19,780 on June 28, 2002, and that shortly thereafter, on July 2, 2002, the Court issued a warrant authorizing the arrest of the same. Both Ms. Cruz and her then-counsel were each served with the warrant and the Verified Complaint.[1] Notably to the Government's request under consideration, the warrant specifically stated, *inter alia*:

> IT IS FURTHER ORDERED that all persons claiming an interest in or right against the defendant property *shall file their verified claim* within thirty (30) days after service of the complaint or final publication of notice of the filing of the complaint, whichever is earlier, or within such additional time as the court may allow, pursuant to 18 U.S.C. § 983(a)(4) and Rule C(6) of the Supplemental Rules of Certain Admiralty and Maritime Claims, *and shall serve and file their answers to the verified complaint* within twenty (20) days after the filing of the verified claim with the Office of the Clerk, United States District Court for the Eastern District of New York, with a copy thereof sent to Assistant United States Attorney Orelia E. Merchant, United States Attorney's Office for the Eastern District of New York, One Pierrepont Plaza, 14th Floor, Brooklyn, New York 11201.

(*United States v. United States Currency in the Amount of Nineteen Thousand, Seven Hundred Eighty Dollars ($19,780.00), more or less, and All Proceeds Traceable Thereto*, No. 02-cv-3793, Warrant of Arrest at 3 (E.D.N.Y. July 2, 2002) (emphasis added), attached as Ex. B. to Decl. of

---

[1] The record also establishes that Jessica Pineiro, among others, was served with a copy of the warrant and Verified Complaint. (*See, e.g.*, Exs. C, E, F, attached to Decl. of Asst. U.S. Atty Merchant.) In addition, a public legal notice of the warrant was published in the *New York Post* for three consecutive weeks. (*See, e.g.*, Ex. I, attached to Decl. of Asst. U.S. Atty Merchant.) Aside from Ms. Cruz, no other persons filed a claim for the Defendant $19,780.

Asst. U.S. Atty Merchant.)

While having filed an administrative claim with the DEA, the record shows that Ms. Cruz never filed the required verified claim in this case. Indeed, the Court takes judicial notice of the fact that despite other warrants being served and despite public notification of the warrant being made, no claims for the Defendant $19, 780 were filed in the case. Maria Cruz did, however, file a Verified Answer to the Verified Complaint on April 7, 2003, together with a counterclaim alleging "[that the seizure of the CURRENCY was an unlawful deprivation of Maria Cruz's right to possess property against unreasonable search and seizure said right being secured by the 4th Amendment." (*See* V. Answer and Counteract. at ¶15 (doc. # 5), attached as Ex. G. to Decl. of Asst. U.S. Atty Merchant.)

Thereafter, there was no docket activity in the case until over two-and-one-half years later when, on November 1, 2005, Assistant U.S. Attorney Merchant filed her present request that the Court strike Ms. Cruz's Answer and grant default judgment. Four-and-one-half months earlier, Assistant U.S. Attorney Merchant had sent a letter to Mr. Cruz's attorney, Mr. Collado, informing him that she "intends to move to strike the answer and enter a default judgment in favor of the plaintiff if Ms. Cruz does not seek leave of Court to file a verified claim by July 15, 2005." (Letter from Asst. U.S. Atty Merchant, Office of United States Attorney, Eastern District of New York, to William J. Collado, Esq., Collado, Collado & Fiore (June 16, 2005), attached as Ex. H. to Decl. of Asst. U.S. Atty Merchant.) When no such motion was made on behalf of Ms. Cruz, the Government proceeded, as it indicated, by filing the instant motion.

4

## II. DISCUSSION

### A. *The Procedural Requirements of Civil Forfeiture*

According to 18 U.S.C. § 983–the statute under which the Government proceeds in this action–where the Government commences a civil forfeiture action by filing a complaint, "any person claiming an interest in the seized property may file a claim asserting such person's interest in the property *in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims . . .*" 18 U.S.C. § 983(a)(4)(A) (emphasis added). In turn, Supplemental Rule C of the Supplemental Admiralty and Maritime Claims Rules requires, *inter alia*, that "a person who asserts a right of possession or any ownership interest in property that is the subject of the action *must file a verified statement of right or interest*," Supplemental Rule C(6)(i) (emphasis added), in addition to filing an answer, *see id.* at subsec. (6)(iv).

The Second Circuit has held that "[s]trict compliance with Supplemental Rule C(6) is typically required." *United States v. Amiel*, 995 F.2d 367, 371 (2d Cir. 1993) (citing *United States v. Beechcraft Queen Airplane serial Number LD-24*, 789 F.2d 627, 630 (8th Cir. 1986) (further citations omitted)). "However, a court has discretion in appropriate circumstances to depart from the strict compliance standard." *Id.* (citations omitted); *see also Amiel*, 995 F.2d at 371 (citing cases). Typically, though, discretion is warranted only in those cases where a claimant has demonstrated reliance on some representation by the Government that the filed claim was sufficient. *See, e.g., Beechcraft Queen Airplane*, 789 F.2d at 630 (citing cases). Thus, absent a showing of reliance, a claimant will not be excused from the strictures of Supplemental Rule C(6).

5

### B. *The Instant Case*

Here, the record shows that while claimant Maria Cruz filed an administrative claim and a Verified Answer, she did not cause a verified claim to be filed in this case as required by Supplemental Rule C(6). As Judge Block of this District has noted:

> *The claim and answer, though similar, serve distinct purposes.* The former insures that "[a]ny party who wishes to defend a forfeiture action [will] be forced to swear to his interest in the forfeited property." *United States v. Beechcraft Queen Airplane*, 789 F.2d 627, 630 (8th Cir. 1986). The answer serves its normal function–"to state in short and plain terms [the] defense to each claim assert . . . and to admit or deny the averments upon which the adverse party relies." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1261 (2d ed. 1990[.]

*United States v. United States Currency in the Sum of Two Hundred Sixty-One Thousand, Four Hundred and Eight Dollars ($261,480) More or Less and All Proceeds Traceable Thereto ("U.S. v. $261,480")*, No. 00-CV-3028, 2002 WL 827420, *1 n.3 (FB) (E.D.N.Y. May 2, 2002) (brackets in original) (emphasis added). Thus, without a verified claim filed in the case at bar, Ms. Cruz has not sworn to her interest in the subject $19,780. And, as Judge Block stated in *U.S. v. $261,480*, a case this Court finds analogous to the present one, "Claimant's filing of the administrative claim d[oes] not relieve [her] of the Rule C(6) requirement that [s]he file a claim with the Court because the administrative claim 'did not notify the court of the existence of a claim and therefore does not establish the requisite standing. Nor does an answer . . . satisfy the requirement.'" *Id.* at *2 (quoting *United States v. One 1981 Jaguar 2 Door Automobile*, 1988 WL 69790, *1 (E.D.N.Y. May 24, 1988) (further citations omitted)); *see also Amiel*, 995 F.2d at 371 (collecting cases for proposition that strict compliance with Supplemental Rule C(6) is required); *Beechcraft Queen Airplane*, 789 F.2d at 630 (holding district court did not abuse

discretion by requiring strict compliance with Rule C(6) and striking claimant's answer because claimant did not precede it with a verified claim); *United States v. United States Currency in the Amount of $2,857*, 754 F.2d 208 (7th Cir. 1985); *United States v. One 1978 Piper Navajo PA-31 Aircraft*, 748 F.2d 316 (5th Cir. 1984). Thus, as in *U.S. v. $261,480*, it is within this Court's discretion to strike the answer and enter a default judgment in favor of the Government because no claim was filed and the claimant has generally shown a lack of diligence in this matter. *See U.S. v. $261,480*, 2002 WL 827429, at *2 (collecting cases). Indeed, despite the Government's July 2005 letter to Cruz's attorney offering him time to seek Court permission to correct Cruz's non-compliance, the record is void of any evidence that Cruz sought to rectify this shortcoming. In fact, not only does a review of the docket show that Cruz did not attempt to correct her non-compliance with Supplemental Rule C(6), it also shows that Cruz never opposed or otherwise responded to the Government's current motion. Following Judge Block's lead in *U.S. v. $261,480*, therefore, the Court declines to exercise its discretion to forgive Cruz's deficiencies in her submissions. Having failed to comply with Supplemental Rule C(6), Cruz has likewise failed to establish standing to contest this forfeiture action.

## CONCLUSION

The Government's request to strike Cruz's answer is GRANTED and its request for default judgment in its favor is GRANTED.

**SO ORDERED.**

Dated: June 5, 2006
      Central Islip, New York            /s/
                                                   Denis R. Hurley,
                                                   United States Senior District Judge